UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

In re:

LEONARD OTTO WALLACE,
PAMELA R. WALLACE,

                    Debtors.

LEONARD OTTO WALLACE,

                    Appellant,

        v.

NORMAN HAYES and RODNEY
HAYES,

                    Appellees.

BK Case No. 11-21077-TLM

**MEMORANUDM DECISION
AND ORDER**

Case No. 2:15-CV-00352-EJL

Pro Se Appellant Leonard O. Wallace ("Mr. Wallace") appeals the following

orders entered by the United States Bankruptcy Court for the District of Idaho in 11-

21077-TLM: Order Denying Motion to Compel Abandonment of Wyoming Claim (Dkt.

1-3); Order Denying Motion to Compel Abandonment of Particular Montana Claim (Dkt.

1-4); Order Denying Requests for Judicial Notice (Dkt. 1-5); Order Granting Motion to

Quash Subpoena (Dkt. 1-6); Order Denying Motion to Correct Court Record and

Supplemental Motion Re Same (Dkt. 1-7); and Order Allowing Trustee's Final Report and Directing Distribution (Dkt. 1-8).  Appellees and creditors Norman and Rodney Hayes (the "Hayes") have filed a Motion to Dismiss the Appeal (Dkt. 6) and Motion for Attorney Fees and Costs (Dkt. 5).  The Hayes have also responded to the appeal (Dkt. 8), as has Chapter 7 Trustee Jeremy J. Gugino ("Trustee").  (Dkt. 9).

Having reviewed and considered all the briefing of the parties, the Court concludes that oral argument is not necessary.  Fed. R. Civ. Proc. 78; *Willis v. Pacific Maritime Ass'n*, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).  The Court has jurisdiction under 28 U.S.C. § 158.  For the reasons stated below, the Hayes' Motion to Dismiss Mr. Wallace's appeal is granted.

## BACKGROUND

The history of this case is outlined in two prior decisions rejecting Mr. Wallace's repeated appeals, 2:14-cv-00229-EJL and 2:15-cv-00054-EJL,[1] as well as in countless decisions by the Bankruptcy Court, and will not be repeated here.  *See, e.g*., (Dkts. 10-1, 10-3, 10-4, 10-8.)  As the two prior orders by this Court detail, Mr. Wallace has improperly attempted to re-litigate a 2003 arbitration award throughout his bankruptcy case.  After Mr. Wallace and his wife filed the current bankruptcy on August 15, 2011, the Hayes filed a proof of claim based on the judgment they obtained against Mr. Wallace in the 2003 arbitration. Prior to filing for bankruptcy on August 15, 2011, Mr. Wallace

---

[1] Mr. Wallace also appealed an order of the Bankruptcy Court to this Court in 2013, but then withdrew the appeal. *Wallace v. Hayes*, 13-cv-00238-EJL.

challenged the 2003 arbitration award in a motion to vacate the arbitration award before the Montana state court, in multiple appeals to the Supreme Court of Montana, as well as in an action before the U.S. District Court for the District of Montana.  Each of the Montana tribunals decided against Mr. Wallace.

Following this Court's rejection of Mr. Wallace's most recent appeal, Mr. Wallace filed several motions or requests before the Bankruptcy Court, including the "Motion to Compel Abandonment of WY Claim," "Motion to Compel Abandonment of Particular Montana Claim," "Motion to Correct Record of Court re: Haye's [sic] Claim 10," and "Supplemental Motion to Correct Record of Court re Haye's [sic] Claim 10 RE 'Merit' and Equity.'"  Each of these motions sought the same relief Mr. Wallace has repeatedly sought before multiple tribunals regarding the 2003 arbitration award and the Hayes' proof of claim in the bankruptcy proceeding.  The Bankruptcy Court denied all of these motions.  The Bankruptcy Court also quashed a subpoena Mr. Wallace issued, and rejected Mr. Wallace's requests for judicial notice.  Finally, the Bankruptcy Court approved the Chapter 7 Trustee's Final Report ("TFR") allowing the distribution of funds acquired by the Chapter 7 Trustee through the bankruptcy liquidation process.

Mr. Wallace appeals all of the aforementioned decisions by the Bankruptcy Court. Rather than addressing any purported error within the Bankruptcy Court's orders, Mr. Wallace again seeks to challenge the Hayes' claim, and again presents the same arguments that have repeatedly been rejected by the Montana Supreme Court, the Montana federal court, the Bankruptcy Court, and this Court.

## ANALYSIS

Bankruptcy Rule 8009(a)(1) requires an appellant to file a designation of items for the record, and a statement of issues on appeal with the clerk for the Bankruptcy Court. Mr. Wallace has not made such filings.  Under Bankruptcy Rule 8001(a), a district court may dismiss an appeal for failure to comply with the rules governing bankruptcy appeals. Although the Court would not ordinarily be inclined to dismiss a pro se appeal on the technical ground that it fails to conform to the rules for presenting briefs on appeal, the present appeal represents Mr. Wallace's fourth procedurally defective appeal to this Court, and puts forth the same arguments considered and rejected by this Court in both 2:14-cv-00229-EJL and 2:15-cv-00054-EJL.[2]

Rather than challenging any particular aspect of the orders he here appeals, Mr. Wallace asserts that a number of injustices have occurred in the course of his litigation before various courts.  Where, as here, a party fails to properly assign error, the appellate court cannot review the issue.  *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 649-650 (9th Cir. 2005).  Because this Court cannot discern any relationship between the wrongs Mr. Wallace describes and the orders he appeals, the Hayes' motion to dismiss the appeal will be granted.

---

[2] While the Court must make "reasonable allowances" for pro se litigants and construe their papers liberally, it is still the pro se litigant's burden to establish a proper legal basis for the relief sought, and to follow the requirements of the Code, Rules and Local Rules.  *Arnold v. Gill* (*In re Arnold*), 252 B.R. 778, 781 n. 2 (9th Cir. BAP 2000) ("Pro se appellants are accorded some leeway, but cannot ignore the Code and Rules, and the rules of this court.") (superseded by statute on other grounds in *In re Salgado-Nava*, 252 B.R. 778 (9th Cir. BAP 2012)).

The Hayes are entitled to their attorney fees and costs associated with responding to Mr. Wallace's frivolous appeal. *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981). The Hayes are directed to submit an affidavit showing the attorney fees and costs incurred so the Court may determine the amount of the award.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.  The Motion to Dismiss (Dkt. 6) is **GRANTED** and this appeal is **DISMISSED** in its entirety.

2.  The Motion for Attorney Fees and Costs (Dkt. 5) is **GRANTED**.

3.  In light of this dismissal, Mr. Wallace's appeal (Dkt. 4) is **DENIED** as **MOOT**.

DATED: June 27, 2016

Edward J. Lodge
United States District Judge